[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14516
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00300-CG-MU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER LEO RODGERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 31, 2021)

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Alexander Leo Rodgers, proceeding *pro se*, appeals the district court's denial

of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Rodgers

argues that the district court erred in denying his motion because he demonstrated extraordinary and compelling reasons warranting relief through evidence that he is at high risk for contracting a severe case of COVID-19. Rodgers also argues that the district court abused its discretion by denying his motion based solely on the fact that he has served less than half of his sentence and without considering other relevant factors under 18 U.S.C. § 3553(a). Because the district court did not abuse its discretion in denying relief based on the Section 3553(a) factors, we do not need to reach whether the court erred in its extraordinary and compelling analysis. Accordingly, we affirm.

We review the district court's denial of an eligible prisoner's Section 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, -- F.3d --, No. 20-12023, slip op. at 6 (11th Cir. Mar. 2, 2021). A district court abuses its discretion by applying the incorrect legal standard, following improper procedures in making its determination, or making clearly erroneous factual findings. *Id.* "The application of an abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). We will affirm, therefore, even if we would have decided an issue differently, so long as the district court did not commit a clear error of judgment. *Id.*

2

Section 3582(c) provides limited exceptions to the general rule that district courts lack the authority to modify a term of imprisonment after it becomes final. *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). Under certain circumstances, a district court "may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A), (c)(2). Under Section 3553(a), a defendant's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. *Id.* § 3553(a)(2). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.* § 3553(a)(1), (3)-(7). A defendant's criminal history fits "squarely" into Section 3553(a)'s consideration of the defendant's history and characteristics. *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008).

Here, the district court did not abuse its discretion in denying Rodgers' motion for compassionate release. Separate from its extraordinary-and-compelling analysis,

3

it denied relief based on the Section 3553(a) factors. So we affirm on that discretionary ground. The district court explicitly considered the goals of sentencing and Rodgers' personal history and characteristics in denying his motion. And it considered the amount of time that he had served on his sentence only as it was relevant to determining that compassionate release "would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public." Accordingly, the district court's denial of Rodgers's motion did not constitute a clear error of judgment. *Frazier*, 387 F.3d at 1259.

**AFFIRMED.**